**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Lonette Covert, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | No.   12 C 6009 |
| | ) | |
| I.C. System, Inc., a Minnesota corporation, | ) | |
| | ) | |
| | ) | |
|     Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Lonette Covert, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant is licensed and transacts business here.

## PARTIES

3.    Plaintiff, Lonette Covert ("Covert"), is a citizen of the State of California, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a Figi's account, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.     Defendant, I.C. System, Inc. ("ICS"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant ICS operates a nationwide debt collection business and attempts to collect debts from consumers in every state, including many thousands of consumers in the State of Illinois.  In fact, Defendant ICS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.     Defendant ICS conducts business in Illinois.  Moreover, Defendant ICS is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit A.  In fact, ICS acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

6.     Ms. Covert is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including one she allegedly owed for a Figi's account.  When ICS began trying to collect the Figi's debt from Ms. Covert, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant CSI's collection actions.

7.     Specifically, defendant sent Ms. Covert a collection letter, dated July 10, 2012, and began calling her that same day, as well as on July 12 and 13, 2012.  A copy of the July 10, 2012 collection letter is attached as Exhibit B.

8.     Accordingly, on July 13, 2012, one of Ms. Covert's attorneys at LASPD informed ICS, in writing, that Ms. Covert was represented by counsel, and directed ICS to cease contacting her, and to cease all further collection activities because Ms. Covert

2

was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit C.

9.      Nonetheless, Defendant ICS continued to call Ms. Covert repeatedly, including, but not limited to, telephone calls on July 14, 15, 16, 17 and 18, 2012, from telephone number 208-758-0230, attempting to collect the Figi's debt.

10.     Accordingly, on July 18, 2012, one of Ms. Covert's LASPD attorneys had to write to Defendant ICS again to demand that it cease communications and cease collection of the debt.  Copies of this letter and fax confirmation are attached as Exhibit D.

11.     Undeterred, Defendant ICS continued to call Ms. Covert directly including, but not limited to, telephone calls on July 19 and 20, 2012, from telephone number 208-758-0230, attempting to collect the debt.

12.     Defendant ICS's collection actions complained of herein occurred within one year of the date of this Complaint.

13.     Defendant ICS's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

14.     Plaintiff adopts and realleges ¶¶ 1-13.

15.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they

refuse to pay.  See, 15 U.S.C. § 1692c(c).

16.     Here, the letters (Exhibits C and D) from Ms. Covert's, agent/attorney,
LASPD, told Defendant ICS to cease communications and cease collections.  By
continuing to communicate regarding this debt and demanding payment, Defendant ICS
violated § 1692c(c) of the FDCPA.

17.     Defendant ICS's violations of § 1692c(c) of the FDCPA render it liable for
actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. §
1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

18.     Plaintiff adopts and realleges ¶¶ 1-13.

19.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from
communicating with a consumer if the debt collector knows the consumer is
represented by an attorney with respect to such debts and has knowledge of, or can
readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

20.     Defendant ICS knew that Ms. Covert was represented by counsel in
connection with her debts because her attorneys at LASPD had informed Defendant, in
writing (Exhibits C and D), that she was represented by counsel, and had directed
Defendant ICS to cease directly communicating with her.  By directly calling Ms. Covert,
multiple times, despite being advised that she was represented by counsel, Defendant
ICS violated § 1692c(a)(2) of the FDCPA.

21.     Defendant ICS's violations of § 1692c(a)(2) of the FDCPA render it liable
for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15

U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Lonette Covert, prays that this Court:

1.      Find that Defendant IC System's debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff Covert, and against Defendant IC System, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Lonette Covert, demands trial by jury.

Lonette Covert,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  July 31, 2012

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com